ORIGINAL

Approved: _____
THOMAS JOHN WRIGHT
Assistant United States Attorney

Before:   THE HONORABLE ONA T. WANG
          United States Magistrate Judge
          Southern District of New York

**19 MAG 9380**

- - - - - - - - - - - - - - - - - - x
                                     :  **SEALED COMPLAINT**
                                     :
UNITED STATES OF AMERICA             :  Violations of
                                     :  18 U.S.C. §§ 1028A,
       - v. -                        :  1343, and 2
                                     :
ELIZABETH ACHAN,                     :  COUNTY OF OFFENSE:
                                     :  BRONX
              Defendant.             :
                                     :
- - - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

   DANIEL ALESSANDRINO, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), and charges as follows:

### COUNT ONE

(Wire Fraud)

   1.   From at least in or about July 2015 up to and including at least in or about March 2017, in the Southern District of New York and elsewhere, ELIZABETH ACHAN, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, ACHAN caused the transmission of wires that transferred funds from a bank account of a victim of the scheme to at least one bank account that ACHAN controlled.

   (Title 18, United States Code, Sections 1343 and 2.)

**COUNT TWO**

(Wire Fraud)

2. From at least in or about June 2017 up to and including at least in or about December 2018, in the Southern District of New York and elsewhere, ELIZABETH ACHAN, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, ACHAN caused the transmission of wires that transferred funds from a bank account of a victim of the scheme to multiple bank accounts that ACHAN controlled.

(Title 18, United States Code, Sections 1343 and 2.)

**Count Three**

(Aggravated Identity Theft)

3. From at least in or about July 2015 up to and including in or about March 2017, in the Southern District of New York and elsewhere, ELIZABETH ACHAN, the defendant, knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, ACHAN caused her employer to make payroll payments to a former employee whose name, social security number, and home address were used in connection with these payroll payments during and in relation to the wire fraud charged in Count One of this Complaint.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2.)

4. The bases for my knowledge and for the foregoing charge are, in part, described in the following paragraphs.

5. I am a Detective with the NYPD assigned to the Financial Crimes Task Force. I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law-enforcement agents, witnesses, and other individuals, as well as my examination of reports and

other records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported in this Complaint, they are reported in substance and in part, except where otherwise indicated.

6. Based on my conversations with multiple current employees and my review of certain human-resources records of a business with offices located in Bronx County, New York ("Business-1"), I have learned that from at least in or about December 2014 up to and including in or about December 2018, ELIZABETH ACHAN, the defendant, was an employee of Business-1, who worked out of the offices located in Bronx County, New York and who was responsible for administering the payroll of Business-1 during this time period through a payroll system supplied by a payroll and benefits outsourcing service provider ("Service Provider-1"). Based on my investigation of this matter, I have further learned that ACHAN perpetrated at least two separate schemes to defraud Business-1 during this time period through her administration of payroll for which she had exclusive authority within Business-1.

## The Retired Employee Scheme

7. Based on my conversations with multiple current employees of Business-1 and a retired employee of Business-1 ("Retired Employee-1"), my review of payroll records for Business-1, and my review of bank records obtained for certain bank accounts at a financial institution ("Bank-1"), I have learned the following information:

    a. In or about June 2019, Retired Employee-1 ended her career at Business-1, receiving her last payroll payment on or about June 15, 2015.

    b. Notwithstanding her retirement, on or about July 17, 2015, Business-1 made a payroll payment of approximately $483.53 to Retired Employee-1, using her name, social security number, and home address in connection with the payroll payment.

    c. Thereafter, on a weekly basis from on or about July 17, 2015 up to and including on or about March 17, 2017, Business-1 made a payroll payment in varying amounts to Retired Employee-1, to whom approximately $167,000 of such payroll payments were attributed in total in 2015, 2016, and 2017.

3

d. After on or about June 19, 2015, however, Retired Employee-1 did not work any further in the employment of Business-1 and did not receive any further payroll payments, including any payroll payments into the bank account that was previously linked to her name, social security number, and home address in the payroll system of Business-1.

e. Instead, each of the payroll payments from on or about July 17, 2015 up to and including on or about March 17, 2017, were made to a bank account at Bank-1, which was opened by and held in the name of ELIZABETH ACHAN, the defendant.

f. In or about 2017, representatives of the Internal Revenue Service ("IRS") confronted Retired Employee-1 for having failed to pay income taxes on the payroll payments, of which she was unaware but which Business-1 had reported to the IRS in association with her name, social security number, and home address in the preceding years since her retirement. Having not received any payroll payments from Business-1 since her retirement, Retired Employee-1 asked ACHAN in substance and part for assistance in resolving the issue of the income tax liability in communications that included telephone calls. After ACHAN assured Retired Employee-1 in substance and in part that she would address whatever issue had caused attribution of the payroll payments to her, no further payroll payments were made in the name, social security number, and home address of Retired Employee-1 to the bank account at Bank-1, which was opened by and held in the name of ACHAN.

g. Retired Employment-1 did not consent to the use of her name, social security number, or home address by anyone for the purpose of making payroll payments from Business-1 after on or about June 19, 2015.

### The Retirement Savings Scheme

8. Based on my conversations with multiple current employees of Business-1 and an auditor retained by Business-1 ("Auditor-1"), my review of payroll records for Business-1, including log-in information to the payroll system of Business-1, and my review of bank records obtained for certain bank accounts at a financial institution ("Bank-2"), I have learned the following information:

a. Business-1 maintains a tax-qualified, defined contribution retirement savings program for its employees, in connection with which employees can elect to have a certain amount of their earnings withheld on a pre-tax basis

4

from their payroll payments and paid into individual retirement accounts maintained by a third-party administrator with whom the employees can invest the funds in various assets.

    b. On a weekly basis from on or about June 9, 2017 up to and including on or about December 12, 2018, certain employees of Business-1 elected to have different amounts of their earnings withheld on a pre-tax basis from their payroll payments and paid into such individual retirement accounts.

    c. During this time period, however, certain withheld funds totaling approximately $394,000 were not paid into the individual retirement accounts of these same employees, some of whom eventually recognized that the balances of their individual retirement accounts maintained by the third-party administrator did not match their contribution levels.

    d. Instead, these withheld funds, which were manually blocked within the payroll system of Business-1 from being paid into the individual retirement accounts, were paid into multiple banks accounts at Bank-2, which were opened by and held in the name of ELIZABETH ACHAN, the defendant.

    e. In each case, this manual block on the payments in the payroll system of Business-1 was entered by a user employing ACHAN's log-in credentials for the payroll system of Business-1.

    f. In or about 2018, Auditor-1 asked ACHAN in substance and part to account for the difference between the earnings withheld on a pre-tax basis from the payroll payments to certain employees and the balance of their individual retirement accounts in communications that included telephone calls. After ACHAN assured Auditor-1 in substance and part that she would address whatever issue had caused the alleged deficit in the individual retirement accounts, a user employing ACHAN's log-in credentials for the payroll system of Business-1 on multiple occasions manually blocked the payment of certain withheld funds intended for payment for other pre-tax benefits for certain employees whose individual retirement accounts showed such a deficit, including payments for the health and dental insurance of those employees. Simultaneously, these withheld funds were paid into the individual retirement accounts of these same employees.

    \*    \*    \*

   9. Based on my conversations with multiple current employees of Business-1, I have learned that in or about

December 2018, ELIZABETH ACHAN, the defendant, abruptly resigned from Business-1 and has not responded to any subsequent communications from Business-1.

10. Based on my training and experience and work on this investigation, including my conversations with multiple employees of Service Provider-1, I know that the payroll system of Business-1 caused the transfer of funds to the previously referenced bank accounts at Bank-1 and Bank-2, which were opened by and held in the name of ELIZABETH ACHAN, the defendant, by transmission of wires that in each case traveled between a server of Service Provider-1 located in the State of New York and a server of Service Provider-1 located in the State of Nebraska.

WHEREFORE, deponent respectfully requests that a warrant issue for the arrest of ELIZABETH ACHAN, the defendant, and that she be arrested, and imprisoned or bailed, as the case may be.

DANIEL ALESSANDRINO
Detective
New York City Police Department

Sworn to before me this
7th day of October, 2019

THE HONORABLE ONA T. WANG
United States Magistrate Judge
Southern District of New York

6