

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

July 30, 2020

**By ECF**

The Honorable Laura Taylor Swain
United States District Judge
Southern District of New York                           **MEMO ENDORSED**
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Elizabeth Achan*, 20 CR 87 (LTS)

Dear Judge Swain,

       The Government respectfully writes on behalf of the defendant to request an adjournment of the conference presently scheduled for August 4, 2020 to a date and time of convenience to the Court in the week of September 14, 2020 or thereafter at which time the parties request to proceed before the Court with an in-person change of plea conference.  The Government consents to this request, which it understands is intended to permit the defendant to appear with her counsel at a time that minimizes the risk to all participants in the change of plea proceedings arising from continuing public-health conditions.   As set out in the enclosed plea agreement, the parties have agreed upon a pre-trial disposition of this case.  The Government believes that the time between August 4, 2020 and any adjournment is excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1)(G); however, with the consent of the defendant, the Government also respectfully requests that the Court exclude time under the Speedy Trial Act from August 4, 2020, through any adjournment pursuant to 18 U.S.C. § 3161(h)(7) on the basis that the interests of the defendant and the public in a speedy trial are outweighed here by the ends of justice served by allowing the defendant and the Government to secure a pre-trial disposition agreed upon among the parties at a time that takes into cognizance the circumstances of the

ongoing coronavirus pandemic and the view of the parties that, at least at this time, the requirements of the CARES Act to conduct a remote change of plea are not satisfied.

The adjournment and exclusion requests are granted for the reasons stated above. The proceeding is adjourned to September 24, 2020, at 11:30 a.m. in Courtroom 17C and time is excluded from speedy trial computations through that date. DE#25 resolved.
SO ORDERED.
7/20/2020
/s/ Laura Taylor Swain, USDJ

Respectfully,

AUDREY STRAUSS
Acting United States Attorney

By: *Thomas John Wright*
Thomas John Wright
Assistant United States Attorney
(212) 637-2295

Enclosure

cc: Ian Marcus Amelkin (Counsel to Defendant Elizabeth Achan) (by ECF)
    Ariel Werner (Counsel to Defendant Elizabeth Achan) (by ECF)



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 24, 2020

Ian Marcus Amelkin
Federal Defenders of New York, Inc.
52 Duane Street, 10th Floor
New York, New York 10007
E: Ian_Marcus_Amelkin@fd.org

**Re: United States v. Elizabeth Achan, 20 CR ___, 19 MJ 9380 (UA)**

Dear Mr. Amelkin:

On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Defendant Elizabeth Achan ("the defendant") to Counts One and Two of the above-referenced Information. Counts One and Two each charge the defendant with wire fraud, in violation of Title 18, United States Code, Section 1343, and each carry a maximum term of imprisonment of 20 years, a maximum term of supervised release of three years, a maximum fine of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense, and a $100 mandatory special assessment. In addition to the foregoing, the Court must order restitution as specified below.

The total maximum term of imprisonment on Counts One and Two is 40 years.

In consideration of the defendant's plea to the above offenses, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations, if any, as to which this Office cannot, and does not, make any agreement) for fraudulently creating and diverting to a bank account controlled by the defendant certain payroll salary payments for a retired coworker between July 2015 and March 2017 and for fraudulently diverting to multiple bank accounts controlled by the defendant certain payroll benefit payments for multiple coworkers between June 2017 and December 2018, as charged in Counts One and Two of the Information, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq.* In addition, at the time of sentencing, the Government will move to dismiss any open Counts against the defendant. The defendant agrees that with respect to any and all dismissed charges she is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

The defendant hereby admits the forfeiture allegation with respect to Counts One and Two of the Information and agrees to forfeit to the United States, pursuant to Title 18, United States

Case 1:20-cr-00087-LTS  Document 25  Filed 07/30/20  Page 4 of 8
Case 1:20-cr-00087-LTS  Document 26  Filed 07/30/20  Page 4 of 8

Page 2

Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), a sum of money equal to $595,994.14 in United States currency, representing proceeds traceable to the commission of said offenses (the "Money Judgment"). It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture. The defendant consents to the entry of the Consent Order of Forfeiture annexed hereto as Exhibit A and agrees that the Consent Order of Forfeiture shall be final as to the defendant at the time it is ordered by the Court.

The defendant further agrees to make restitution in an amount ordered by the Court and in particular in an amount of at least $595,994.14 to Flair Display, Inc., which specific amount and specific recipient the defendant further agrees do not limit the total amount or recipients of the restitution that the Court may order and that the defendant agrees to make.

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 6B1.4, the parties hereby stipulate to the following:

**A. Offense Level**

1. The applicable Guidelines manual is the November 1, 2018 Guidelines manual.

*Count One and Count Two*

2. Pursuant to U.S.S.G. § 3D1.1(a), 3D1.2(d), 3D1.3(b), because Count One and Count Two involve substantially the same harm and the offense level for each count is determined largely on the basis of the total amount of harm or loss, Count One and Count Two are grouped together, and the offense level for the resulting group is the offense level corresponding to the aggregated quantity of loss from Count One and Count Two and resulting from the offense guidelines applicable to Count One and Count Two that produce the highest offense level.

3. Pursuant to U.S.S.G. § 2B1.1(a)(1), the base offense level is 7, because the offense charged in Count One and Count Two carries a statutory maximum term of imprisonment of twenty years or more

4. Pursuant to U.S.S.G. § 2B1.1(b)(1)(H), the offense level is increased by 14 levels because the aggregated quantity of loss of Count One and Count Two exceeds $550,000 but is less than $1,500,000.

5. Pursuant to U.S.S.G. § 2B1.1(b)(10)(C), the offense level is increased by 2 levels because the offense charged in Count One and Count Two involved sophisticated means and the defendant intentionally engaged in conduct constituting sophisticated means.

6. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through her allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described

2019.07.08

Case 1:20-cr-00087-LTS Document 25 Filed 07/30/20 Page 5 of 8
Case 1:20-cr-00087-LTS Document 26 Filed 07/30/20 Page 5 of 8

Page 3

in the previous sentence, the Government will move at sentencing for an additional 1-level reduction, pursuant to U.S.S.G. § 3E1.1(b), because the defendant gave timely notice of her intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level is 20.

### B. Criminal History Category

Based upon the information now available to this Office, the defendant has one criminal history point, calculated as follows:

1. On or about March 16, 2005, the defendant was sentenced to five years of probation following her conviction of one count of Grand Larceny in the Third Degree, in violation of New York Penal Law § 155.35. Accordingly, pursuant to U.S.S.G. § 4A1.2(e)(3), zero criminal history points are added.

2. On or about February 1, 2013, the defendant was sentenced to a conditional discharge following her conviction of one count of Driving While Ability Impaired, in violation of New York Vehicle and Traffic Law § 1192(1). Accordingly, pursuant to U.S.S.G. § 4A1.1(c), one criminal history point is added.

In accordance with the above, the defendant's Criminal History Category is I.

### C. Sentencing Range

Based upon the calculations set forth above, the defendant's stipulated Guidelines range is 33 to 41 months' imprisonment (the "Stipulated Guidelines Range"). In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines level 20, the applicable fine range is $15,000 to $150,000.

The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party in any way suggest that the Probation Office or the Court consider such a departure or adjustment under the Guidelines.

The parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to present to the Probation Office or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced and regarding the factors to be considered

2019.07.08

Case 1:20-cr-00087-LTS Document 25 Filed 07/30/20 Page 6 of 8
Case 1:20-cr-00087-LTS Document 26 Filed 07/30/20 Page 6 of 8

Page 4

in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a); (iii) to seek an appropriately adjusted Guidelines range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above; and (iv) to seek an appropriately adjusted Guidelines range or mandatory minimum term of imprisonment if it is subsequently determined that the defendant qualifies as a career offender under U.S.S.G. § 4B1.1. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, see U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through her allocution and subsequent conduct prior to the imposition of sentence. Similarly, nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, see U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the stipulated Guidelines range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that her entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw her plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241, of any sentence within or below the Stipulated Guidelines Range of 33 to 41 months' imprisonment and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal any term of supervised release that is less than or equal to the statutory maximum. The defendant also agrees not to appeal any fine that is less than or equal to $150,000, and the Government agrees not to appeal any fine that

Case 1:20-cr-00087-LTS   Document 25   Filed 07/30/20   Page 7 of 8
Case 1:20-cr-00087-LTS   Document 26   Filed 07/30/20   Page 7 of 8

Page 5

is greater than or equal to $15,000. The defendant also agrees not to appeal any forfeiture amount or restitution amount that is less than or equal to $595,994.14, and the Government agrees not to appeal any forfeiture amount or restitution amount that is greater than or equal to $595,994.14. Notwithstanding the foregoing, nothing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise. Rather, it is expressly agreed that the defendant reserves those rights.

The defendant hereby acknowledges that she has accepted this Agreement and decided to plead guilty because she is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw her plea or to attack her conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, *Jencks* Act material, exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, or impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

The defendant recognizes that, if she is not a citizen of the United States, her guilty plea and conviction make it very likely that her removal from the United States is presumptively mandatory and that, at a minimum, she is at risk of being removed or suffering other adverse immigration consequences. If the defendant is a naturalized citizen of the United States, she recognizes that pleading guilty may have consequences with respect to the defendant's immigration status. For example, under federal law, an individual may be subject to denaturalization and removal if her naturalization was procured by concealment of a material fact or by willful misrepresentation, or otherwise illegally procured. The defendant acknowledges that she has discussed the possible immigration consequences (including removal or denaturalization) of her guilty plea and conviction with defense counsel. The defendant affirms that she wants to plead guilty regardless of any immigration or denaturalization consequences that may result from the guilty plea and conviction, even if those consequences include denaturalization and/or removal from the United States. The defendant understands that denaturalization and other immigration consequences are typically the subject of a separate proceeding, and the defendant understands that no one, including her attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration or naturalization status. It is agreed that the defendant will have no right to withdraw her guilty plea based on any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge her conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from her guilty plea and conviction.

It is further agreed that should the convictions following the defendant's pleas of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such

2019.07.08

prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

Apart from any written Proffer Agreement(s) that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

GEOFFREY S. BERMAN
United States Attorney

By: _____
Thomas John Wright
Assistant United States Attorney
(212) 637-2295

APPROVED:

_____
Brian Blais
Chief, General Crimes Unit

AGREED AND CONSENTED TO:

_____      7-29-20
Defendant Elizabeth Achan              DATE

APPROVED:

_Ariel Werner_____      7-29-2020
Ian Marcus Amelkin   / Ariel Werner       DATE
Attorney for Defendant Elizabeth Achan

2019.07.08